**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff–Appellee,**

v.

**BELLEMAR PARTS INDUSTRIES, INC., Defendant–Appellant.**

No. 88–3224.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 18, 1988.

Decided Jan. 17, 1989.

As Clarified on Denial of Rehearing March 3, 1989.*

* See 868 F.2d 199.

Sandra Little, Susan Buckingham Reilly, Lorraine C. Davis, E.E.O.C., Appellate Services, Harry F. Tepker, Jr. (argued), Washington, D.C., for E.E.O.C., plaintiff-appellee.

Mary Ellen Fairfield (argued), Vorys, Sater, Seymour & Pease, Columbus, Ohio, for Bellemar Industries, Inc., defendant-appellant.

Before WELLFORD, Circuit Judge, and PECK and LIVELY *, Senior Circuit Judges.

** The Honorable Pierce Lively became Senior Circuit Judge January 1, 1989.

JOHN W. PECK, Senior Circuit Judge.

■ Before the Equal Employment Opportunity Commission (EEOC) may investigate an employer, either an aggrieved individual complainant or a Commissioner of the EEOC must have filed a sworn charge against that employer. Such a charge is a jurisdictional prerequisite to judicial enforcement of a subpoena issued by the EEOC. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 65, 104 S.Ct. 1621, 1629, 80 L.Ed.2d 41 (1984). Appellant argues that the district court erred in enforcing the EEOC's subpoena duces tecum which was founded solely upon a flawed Commissioner's charge. Because the charge in question fails adequately to name appellant, we agree with appellant's argument and reverse the district court judgment.

The Commissioner's charge underlying the subpoena was filed on September 5, 1984. It charged the "following employer" with unlawful employment practices: "Honda of America Manufacturing, Inc. (including Bellemar Industries, Inc.); 24000 and 25000 U.S. Route 33; Marysville, Ohio 43040." Throughout the charge, allegations refer to "the employer," implying a single entity. The charge states that unlawful practices began on or before February 15, 1978 and that EEO–1 reports supported the allegations set forth in the charge. This is important because appellant did not commence operations until 1982 and did not file its first EEO–1 report until three weeks after the charge was issued. In the oath required by 42 U.S.C. § 2000e–5(b), the charging commissioner stated only that he had "cause to believe that Honda of America Manufacturing, Inc., has committed the unlawful employment practices set forth in the foregoing charge." Appellant Bellemar Parts Industries, Inc., was not designated in the oath as a suspect.

Appellant is related to Honda of America Manufacturing, Inc. (HAM), in that both are subsidiaries of Japanese-owned Honda Motor Co. However, the two corporations are distinct entities with separate management and different addresses. Clearly, charging HAM does not serve automatically to include appellant. We also observe that appellant promptly notified the EEOC of these facts, allowing full opportunity for timely amendment of the charge. Thus, the question before us is whether appellant has been charged at all.

■ The EEOC urges that it is entitled to enforcement of its subpoena under *EEOC v. Shell Oil*, 466 U.S. 54, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984), because of the minimal standard the Court established in enunciating a four-part test for assessing the validity of a Commissioner's charge.

... Insofar as he is able, the Commissioner should identify the groups of persons that he has reason to believe have been discriminated against, the categories of employment positions from which they have been excluded, the methods by which the discrimination may have been effected, and the periods of time in which he suspects the discrimination to have been practiced.

*Id.* at 73, 104 S.Ct. at 1633. The Court in *Shell Oil* indicates that the EEOC need provide only limited information corroborating its suspicion of wrongdoing in order to issue a charge. *Id.* at 68, 104 S.Ct. at 1631. This case, however, is beyond *Shell Oil.* Here, appellant was not even charged, since the sworn oath of the Commissioner did not name appellant as a suspected offender. Although appellant by its own admission received notice that the charge was possibly intended to be lodged against it, the EEOC made no corrective efforts upon notification by appellant that it was not a subsidiary of HAM. If there was a question about the relationship between HAM and appellant, a subpoena to HAM would have revealed the relationship, and the EEOC could have made a reasoned decision whether to file a separate charge against appellant. Such a charge would necessarily include an oath by the charging commissioner that there is cause to believe that appellant committed unlawful employment practices. 42 U.S.C. § 2000e–5(b).

Accordingly, we reverse the judgment of the district court enforcing the subpoena duces tecum and remand to the district

court for determination of attorneys' fees and costs which are to be paid by appellee EEOC, as authorized by 42 U.S.C. § 2000e–5(k).