# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff–Appellee,

v.

# BELLEMAR PARTS INDUSTRIES, INC., Defendant–Appellant.

No. 88–3224.

United States Court of Appeals, Sixth Circuit.

March 3, 1989.

## ORDER

Before: WELLFORD, Circuit Judge; and PECK and LIVELY *, Senior Circuit Judges.

The Equal Employment Opportunity Commission (EEOC), plaintiff-appellee, moves for clarification of the award of attorneys' fees in our January 17, 1989 decision in the above-captioned case, 865 F.2d 780 (6th Cir.). In the alternative, the EEOC petitions this court for a rehearing of the case. Finally, the EEOC moves to expand the record on appeal.

The language in our opinion which is particularly under attack provides for a "remand to the district court for determination of attorneys' fees and costs which are to be paid by appellee EEOC, as authorized by 42 U.S.C. § 2000e–5(k)." Because the EEOC professes concern as to the meaning of this language, the motion to clarify is granted to a limited extent, and the sentence containing that language is amended to read, "Attorneys' fees and costs are to be paid by appellee EEOC, as authorized by 42 U.S.C. § 2000e–5(k), with calculation of fees and costs to be made and assessed on the remand to the district court hereinafter ordered." So that there may be no further question on this score, we add that the sole determination to be made by the district court will be the amount of the attorneys' fees and costs incurred by Bellemar Parts Industries, Inc. (Bellemar) in this litigation. We wish to emphasize, however, that in so holding we are not establishing a precedent for the allowance of attorneys' fees for defendants' counsel in discrimination cases under normal circumstances. On the contrary, we hold only that attorneys' fees should be allowed only in egregious circumstances, which we find to be present here.

Concerning EEOC's alternative motion for rehearing, we first observe that 42 U.S. C. § 2000e–5(k) permits a court "in its dis-

* The Honorable Pierce Lively became Senior Circuit Judge January 1, 1989.

cretion" to award reasonable attorneys' fees to the prevailing party in a Title VII action. The court's ability to award fees to a prevailing *defendant,* however, is tempered by consideration of the frivolity of the plaintiff's action. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). The Court in *Christiansburg* stated that an award of attorneys' fees to a prevailing defendant in a Title VII case may be appropriate if the court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, *or that the plaintiff continued to litigate after it clearly became so." Id.* (emphasis added). The facts of this case reveal an action by plaintiff EEOC which was clearly groundless, at least by the time the action was filed in district court. It was by then clear that Bellemar was not properly charged and therefore could not be forced to comply with the subpoena. The EEOC urges that it had adequate foundation to pursue an action to enforce the subpoena against Bellemar, as Bellemar and the company actually charged are closely related both geographically and by sharing a common parent corporation. The EEOC is correct in stating that great deference is afforded the Commission at the subpoena enforcement stage. *EEOC v. Shell Oil,* 466 U.S. 54, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984). However, the Court in *Shell Oil* presupposed that the subpoenaed party had been properly charged. *Id.* at 65, 104 S.Ct. at 1629. The Court stated:

> If the EEOC were able to insist that an employer obey a subpoena despite the failure of the complainant to file a *valid charge,* Congress' desire to prevent the Commission from exercising unrestrained investigative authority would be thwarted. Accordingly, we hold that the existence of a charge that meets the requirements set forth in § 706(b), 42 U.S.C. § 2000e–5(b), is a jurisdictional prerequisite to judicial enforcement of a subpoena issued by the EEOC.

*Id.* (emphasis added, footnote omitted). Furthermore, the EEOC did not bother to properly consider the facts presented to it before forging ahead and hailing Bellemar into court. On September 5, 1984, the EEOC charged "Honda of America Manufacturing, Inc. (including Bellemar Industries, Inc.)" for racial and sexual discrimination dating back as far as February 15, 1978, and for failure to file EEO–1 reports for the years 1978 through 1981. The EEOC was advised that Honda of America did not include Bellemar. Actually, Bellemar was not incorporated until November 1981, and did not commence full operations until 1984. Nevertheless, on October 21, 1986, totally ignoring information supplied in the interim, the EEOC issued a subpoena duces tecum to Bellemar, founded solely upon the 1984 charge. Bellemar's petition to the EEOC to revoke or modify the subpoena was denied, and Bellemar informed the EEOC that it would not comply with the subpoena unless a proper charge was issued against it. Litigation was then commenced by the EEOC in the district court.

In view of Bellemar's good faith effort to disclose to the EEOC its relationship to Honda of America, and the EEOC's blatant disregard of statutory charging procedure in the face of its actual knowledge that its charge was defective, we conclude that the action filed by the EEOC to enforce its subpoena in district court was groundless. We recognize that we must take great care to avoid engaging in "post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg, supra,* 434 U.S. at 421–22, 98 S.Ct. at 700. However, in this case, Bellemar repeatedly presented evidence to the EEOC establishing that the charge against Honda of America did not apply to Bellemar (*i.e.,* they were two separate corporations; Bellemar did not operate or file EEO–1 reports during the periods of the alleged violations). The law at the time this action was commenced established that a valid charge was a prerequisite to enforcing a subpoena. *Shell Oil, supra,* 466 U.S. at 63, 104 S.Ct. at 1628. Therefore, it was clear from the outset that the EEOC's action was groundless. The motion for rehearing is accordingly denied.

The EEOC last moves to expand the record on appeal, under Fed.R.App.P. 10(e), to include a document which it argues supports its position that it was reasonable to bring a subpoena enforcement action against Bellemar because it was reasonable to act against Bellemar and Honda of America together. The proffered document, a single page entitled "Fact Sheet" on the letterhead of Honda of America Manufacturing, Inc., was supplied to the EEOC by Honda of America, and provides, inter alia, information about Honda of America and Bellemar Parts Industries, Inc. This document adds nothing to the EEOC's argument as to the reasonableness of its actions, however. The crucial issue is not whether the EEOC was correct in charging the two companies as a unit, but whether it was proper to persist in attempting to enforce a subpoena based on the charge after further facts indicating the impropriety of the dual charge were presented to it. Thus, the motion to expand the record is denied.

It is ORDERED that the EEOC's motion to clarify is granted to the limited extent hereinabove indicated, and that the alternative petition for rehearing and the motion to expand the record are denied.