917 F.2d 1305
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOSEPH D. SCARSO; JOSEPH R. SCARSO, a Minor; Plaintiffs-Appellants,
v.
CUYAHOGA COUNTY DEPARTMENT OF HUMAN SERVICES, ET AL.;
Defendants-Appellees.
 No. 89-4071.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1990.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph D. Scarso and Joseph R. Scarso, a minor, appeal the district court's opinion and order granting defendant's motion to dismiss and for sanctions. We affirm the order so far as it grants the motion to dismiss; however, we remand the order as to sanctions.
 
 
 2
 Joseph D. Scarso and Donna Lindsey were married in 1980. In 1981, their son, Joey, was born. In 1984, the parties were divorced and in December of 1985, the Florida court awarded custody of Joey to Donna Lindsey. Joseph D. Scarso was awarded three months visitation annually.
 
 
 3
 Donna Lindsey sent Joey to visit his father in Cleveland, Ohio, on June 1, 1986. On August 21, 1986, at Joseph D. Scarso's request, the Cuyahoga Department of Human Services filed a child abuse complaint in the Juvenile Division of the Cuyahoga County Court of Common Pleas. The complaint alleged that "during the time of the child's residence with the mother in Florida, the child was sexually abused by mother and child's stepfather.... [S]hould the child be returned pursuant to the Florida divorce decree, the child would again be in danger of sexual abuse ..." On August 25, 1986, Judge Ruben granted emergency temporary custody of Joey to the Cuyahoga County Department of Human Services pending investigation of the child abuse complaint. The Cuyahoga County Department of Human Services placed Joey with his father.
 
 
 4
 On October 8, 1986, the Florida court issued an order directing Joseph D. Scarso to return Joey to Florida where the Department of Health and Rehabilitative Services would take temporary custody while it investigated the child abuse allegations. Joseph D. Scarso ignored this order. On October 23, 1986, Donna Lindsey filed in Ohio a motion to dismiss or, in the alternative, a motion to transfer the child abuse complaint to Florida. On January 30, 1987, Judge Ruben held a hearing on the motion. At that hearing, the Cuyahoga County Department of Human Services moved to dismiss its child abuse complaint for lack of evidence. Judge Ruben held the Cuyahoga County Department of Human Services' motion to dismiss in abeyance, yielded jurisdiction to the Florida court and stayed the proceedings pending resolution by the Florida court.
 
 
 5
 On February 2, 1987, plaintiff filed a notice of appeal of Judge Ruben's decision in the Ohio Court of Appeals, Eighth District. On February 4, 1988, the court of appeals reversed Judge Ruben's order and remanded the case for an evidentiary hearing on the issue of whether it would be in the child's best interest to exercise jurisdiction and act on the child abuse complaint. In May of 1988, Judge Ruben recused herself because of Joseph D. Scarso's 1983 action, which is the subject of this appeal.
 
 
 6
 Joseph D. Scarso alleges that the Cuyahoga County Department of Human Services and some of the Department's employees conspired with Judge Ruben, some employees of the juvenile court, Donna Lindsey, and her attorney, Martin Keenan, to deprive the plaintiff of the physical possession of his son without due process of law. The district court correctly granted the defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6).
 
 
 7
 The principles of law in this case are well settled. "A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see, e.g., Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). This stringent standard has been met in this case.
 
 
 8
 Neither this court or the district court are bound to accept unsupported or unsupportable allegations. Blackburn v. Fisk, 443 F.2d 121 (6th Cir.1971). In determining the legal efficacy of plaintiff's complaint, the lower court properly took judicial notice of facts in the public record, specifically the records of state court proceedings. Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736 (6th Cir.1980); see also Phillips v. Bureau of Prisons, 591 F.2d 966 (D.C.Cir.1979).
 
 
 9
 The doctrine of judicial immunity is applicable to section 1983 actions. Pierson v. Ray, 386 U.S. 547 (1967). To determine whether absolute judicial immunity protects Judge Ruben from civil liability, the Court must determine (1) whether the judge had subject matter jurisdiction over the case in issue, and (2) whether the action taken was a judicial action. Stump v. Sparkman, 435 U.S. 349 (1978). The juvenile court's subject matter jurisdiction is not open to debate. The Ohio Code expressly confers jurisdiction upon the juvenile court for complaints concerning child abuse. Ohio Rev.Code Ann. Sec. 2151.23. A judicial action is any action normally performed by a judge when the parties are dealing with her in her judicial capacity. Sparkman at 362. Judge Ruben's orders fit squarely within this definition. Clearly, judicial immunity applies to Judge Ruben's orders of January 30, October 5, and October 21, 1987.
 
 
 10
 The Supreme Court in Briscoe v. LaHue, 460 U.S. 325 (1983), held that personnel who are integral parts of the judicial process are entitled to absolute immunity. The employees of the juvenile court are clearly necessary to the functioning of that court and, thus, are entitled to absolute immunity.
 
 
 11
 In Butz v. Economou, 438 U.S. 478 (1978), the Supreme Court held that agency officials performing functions analagous to a prosecutor are entitled to absolute immunity. The holdings in Butz and Briscoe compel this Court to uphold the lower court's decision giving immunity to the Cuyahoga County Department of Human Services, that department's employees and Martin Keenan. See Kurzawa v. Mueller, 732 F.2d 1456 (6th Cir.1984).
 
 
 12
 The claim against Donna Lindsey must also be dismissed. If this Court were to hold that the complaint sufficiently states a conspiracy claim, we would invite every litigant who is dissatisfied with the outcome of a trial or who wishes to prolong litigation merely to file a conspiracy complaint against the judge, court officials, attorneys and other parties involved in the case. See Workmen's Compensation Bd. of State of New York, 327 F.2d 131, 137 (2d Cir.1964). The appellants have not asserted any facts upon which a conspiracy involving Donna Lindsey can be based; they have simply set forth the unsupported legal conclusion that Donna Lindsey was a coconspirator and added that discovery is necessary to establish more facts. This allegation alone is not enough; accordingly, the claim against Donna Lindsey is dismissed under Fed.R.Civ.P. 12(b)(6).
 
 
 13
 On May 7, 1988, Judge Krenzler entered an order stating:
 
 
 14
 The Court will first rule on the motion to dismiss with respect to the arguments that the plaintiffs fail to state a claim upon which relief may be granted. Accordingly, the plaintiffs may file a response to these arguments on or before June 10, 1988.... If the Court overrules the motion to dismiss with respect to the arguments that the plaintiffs fail to state a claim upon which relief may be granted, the case shall proceed with regard to the remaining issues and the Court will rule on the remaining motions.
 
 
 15
 On May 17, 1988, Judge Ruben filed a motion for sanctions. These sanctions were granted along with the motion to dismiss on October 31, 1989. Because Judge Krenzler's order of May 7, 1988 appears to limit the appellant's response to the motion to dismiss, we remand the order of October 31, 1989 as it relates to sanctions so appellants arguments may be heard on that issue.