**Paula NOYES, Plaintiff–Appellant,**

v.

**CHANNEL PRODUCTS, INC.,
Defendant–Appellee.**

**Nos. 90–3262, 90–3424.**

United States Court of Appeals,
Sixth Circuit.

Argued March 14, 1991.

Decided June 18, 1991.

Rehearing and Rehearing En Banc
Denied Aug. 5, 1991.

Alan I. Goodman (argued), Gross, Goodman & Associates, Cleveland, Ohio, for plaintiff-appellant.

Linda Hauserman Harrold (argued), Paul Corado, Hahn, Loeser & Parks, Cleveland, Ohio, for defendant-appellee.

Before KRUPANSKY and BOGGS, Circuit Judges; and WOODS, District Judge.*

KRUPANSKY, Circuit Judge.

Plaintiff-appellant, Paula Noyes (Noyes), appealed the entry of a summary judgment in favor of defendant-appellee, Channel Products, Inc. (Channel), in this retaliatory discharge action commenced under Title VII. In a consolidated appeal, Noyes challenged the district court's order awarding Channel $5,000 in attorneys' fees under 42 U.S.C. § 2000e–5(k).

Noyes was employed by Channel for approximately 13 years when, on December 11, 1985, she tendered the following letter of resignation:

> With the increased number of overtime hours expected of me, I now find myself without a babysitter for my children; thus I find it necessary to resign my

---

* The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation.

position at Channel Products at this time and seek another babysitter and other employment. After thirteen years of service to this Company, I find this a difficult thing to do. My last day as an employee of Channel Products will be January 8, 1986.

At the time that she submitted this letter, Noyes was employed as a supervisor of quality control inspectors on a company assembly line.

In her Title VII suit, Noyes alleged that she had been constructively discharged from her employment in unlawful retaliation for prosecution, in 1984, of an action against Channel in which she alleged that the company had not provided its women employees with equal pay for equal work. The Equal Pay Act litigation was disposed of by way of an offer of judgment on July 16, 1985. Pursuant to the offer of judgment, Channel paid Noyes $4,407.80 in compensatory damages.

Three days after entry of the offer of judgment in the Equal Pay Act case, Noyes entered upon a four-month maternity leave, during which period she gave birth to twins (the children referenced in her letter of resignation). Noyes claimed that when she returned to work on November 11, 1985, Channel informed her that she would be required to work a 6:00 a.m. to 6:30 p.m. daily shift. Channel responded that it *had requested* Noyes and all other supervisory employees working on the line she staffed to voluntarily work as many overtime hours as they reasonably could. Channel denied having compelled any employees to work overtime.

Approximately one month after she had returned from maternity leave, Noyes tendered her letter of resignation. She subsequently applied to the Ohio Unemployment Compensation Commission for unemployment benefits, asserting that she had been "constructively discharged" from her job as a result of untenable conditions that had compelled her to elect between conflicting commitments to work and family. Noyes reasoned that because (in her version of events) Channel had compelled her to work overtime, and because she was not able to

sustain such a schedule while continuing to care for her children, she had been constructively forced to resign.

Noyes's application for unemployment benefits was denied at the first two administrative levels, whereupon she appealed to the Ohio Unemployment Commission Board of Review (Board). The Board conducted an evidentiary hearing on April 1, 1986 and arrived at a series of factual findings that resulted in a denial of benefits. First, the Board concluded as a matter of fact that Channel had experienced an increase in product orders during the period of Noyes's maternity leave. "As a result, most of the employees were working overtime." The Board further concluded that Noyes's supervisor had informed her of the increase in orders and of the concomitant need to staff her department from 6:00 a.m. to 6:30 p.m. each work day. According to the Board's findings, the supervisor did not compel *Noyes* to work all of these hours; rather, the supervisor advised that *some* quality control inspector would be required to be on duty during the extended periods. Noyes's sole employment obligation was to work a normal shift; the amount of overtime she worked was entirely within her discretion.

In view of these factual findings, the Board concluded in its opinion of April 11, 1986 that Noyes had voluntarily terminated her employment "without just cause"; *i.e.,* conditions had not compelled her to resign. The Board affirmed the unemployment agency's denial of benefits. This judgment was subsequently affirmed by the Court of Common Pleas for Geauga County, Ohio, and the 11th District Ohio Court of Appeals.

In November, 1987, Noyes commenced the instant action in federal district court, alleging that she had been constructively discharged in retaliation for her prosecution of the Equal Pay Act case. As statutory authority for her cause of action, Noyes invoked 42 U.S.C. § 2000e–3, which prohibits employers from retaliating against employees who have engaged in conduct protected under Title VII. In June, 1989, Channel filed a motion *in li-*

*mine* seeking to preclude Noyes from relitigating in federal court those factual matters that had been decided by the state administrative process, as affirmed in the Ohio courts. On July 31, 1989, in a marginal order, the district court granted Channel's motion *in limine.* Several months later, Channel moved for summary judgment, arguing that—in light of the court's favorable ruling on the motion *in limine*—there remained no genuine issues of material fact with respect to the validity of Noyes's Title VII claim. Accordingly, the district court granted Channel's motion for summary judgment on February 22, 1990. On March 23, 1990, Channel applied to the court for $5,000 as reasonable attorneys' fees, alleging that Noyes had unnecessarily prolonged the litigation by failing to concede the case subsequent to the court's disposition of the motion *in limine.* Noyes filed no responsive pleadings in opposition to the request for fees. On April 16, 1990, again by way of a marginal order, the district court awarded Channel the full amount requested ($5,000) in attorneys' fees.

▆ In this appeal, Noyes has alleged that the district court improperly granted the motion *in limine* according collateral estoppel effect to the factual findings of the state unemployment Review Board. As a general rule, the factfinding decisions of administrative agencies are entitled to preclusive effect in court. "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." *United*

States v. Utah Construction & Mining Co., 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). When the factfinding of a *state agency* is involved, a federal court must accord such findings the same degree of preclusive effect that they would receive in the courts of that state. *University of Tennessee v. Elliott,* 478 U.S. 788, 799, 106 S.Ct. 3220, 3226, 92 L.Ed.2d 635 (1986). At the time of the commencement of Noyes's Title VII suit, the Ohio state courts accorded full preclusive effect to the factual determinations of the state unemployment agency.[1]

▆ The Board's penultimate finding—that Noyes was not "constructively discharged"—resolved a mixed question of law and fact, and therefore was not entitled to preclusive effect in federal court. *See Yates v. Avco Corp.,* 819 F.2d 630, 636 (6th Cir.1987) ("constructive discharge is, at least partially, a question of law and must therefore be reviewed by this court *de novo*"). However, the findings predicate to the Board's ultimate conclusion that no constructive discharge had occurred were purely factual in nature, were squarely considered by the state agency,[2] and were therefore binding upon the district court. Of greatest significance in this regard was the Board's determination that Noyes had not been compelled to work overtime, but rather had been requested to do so in order to assist Channel in meeting its increased volume of orders.

▆ To present a prima facie case of retaliation in violation of 42 U.S.C. § 2000e–3, Noyes had the burden of proving, among other things, that Channel

---

1. *Currently,* in Ohio, the findings of the Unemployment Compensation Board of Review are *not* entitled to res judicata treatment. *See* O.R.C. § 4141.28(S). This statute was enacted on October 24, 1989, and it may not be applied retroactively to the case at bar, which was commenced in November, 1987. *See* O.R.C. § 1.48 ("a statute is presumed to be prospective in its operation unless expressly made retrospective"). Prior to enactment of the statute, factual findings of the Board were entitled to preclusive effect under general principles of administrative res judicata. *See Pullar v. Upjohn Health Care Services, Inc.,* 21 Ohio App.3d 288, 488 N.E.2d 486, 490 (1984) (applying principles of adminis-

trative collateral estoppel to fact-finding of Unemployment Compensation Board of Review).

2. Compare *Cooper v. City of North Olmsted,* 795 F.2d 1265 (6th Cir.1986), in which this court declined to accord preclusive effect to the findings of Ohio's unemployment compensation agency in a Title VII sex and race discrimination suit because the issue of whether plaintiff's "discharge was the result of race or sex discrimination by the City was not actually or directly presented to or ruled upon" by the state agency. *Id.* at 1268.

"took an employment action adverse to" her. *Canitia v. Yellow Freight System,* 903 F.2d 1064, 1066 (6th Cir.) (per curiam), *cert. denied,* — U.S. —, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990). In view of the Board's factual findings, which are entitled to preclusive effect in federal court, it is clear that Channel did not take an employment action adverse to Noyes. Rather, Noyes—sensing an unworkable conflict between her commitments to career and family—resigned from her position of her own volition. Although this court is not bound to follow the Board's ultimate legal conclusion that no constructive discharge occurred in Noyes's case, it nevertheless reaches the same determination based upon the body of fact not subject to relitigation. *See Yates v. Avco,* 819 F.2d at 636–37 (constructive discharge "exists if 'working conditions would have been so difficult or so unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign'") (quoting *Held v. Gulf Oil Co.,* 684 F.2d 427, 432 (6th Cir.1982)). Unable to prove a prima facie case of discriminatory discharge, Noyes's claim was properly disposed of by summary judgment.

The district court's grant of attorneys' fees in the amount of $5,000 under 42 U.S.C. § 2000e–5(k) is reviewed for abuse of discretion. *Kasuri v. St. Elizabeth Hospital Medical Center,* 897 F.2d 845, 855 (6th Cir.1990); *Bailey v. Great Lakes Canning Inc.,* 908 F.2d 38, 43 (6th Cir.1990) (per curiam); *Wooldridge v. Marlene Industries Corp.,* 898 F.2d 1169, 1173 (6th Cir.1990). The district court in the case at bar granted Channel's motion for fees in a marginal order. Absent an explanation of the district court's reasoning in awarding the fees, it is difficult for this court to review the decision for an abuse of discretion.

This concern aside, it is evident from the record that this was not an appropriate case in which to assess fees against the plaintiff. This court has noted that attorneys' fees should be awarded to defense counsel in Title VII actions only in the most "egregious circumstances." *E.E.*

*O.C. v. Bellemar Parts Industries,* 868 F.2d 199 (6th Cir.1989) (order clarifying disposition published at 865 F.2d 780 (1989)). This case does not present such circumstances.

Accordingly, the order of the district court granting Channel's motion for summary judgment is hereby AFFIRMED, and the court's marginal order of April 16, 1990 awarding Channel $5,000 in attorneys' fees is hereby REVERSED.