**LRL PROPERTIES, et al., Plaintiffs,**

v.

**PORTAGE METROPOLITAN HOUSING AUTHORITY, et al., Defendants.**

No. 5:92 CV 2211.

United States District Court,
N.D. Ohio,
Eastern Division.

Dec. 26, 1995.

Stanley S. Keller, Keller & Curtin, Clyde David Witt, Law Offices of C. David Witt & Associates, Cleveland, OH, for plaintiffs.

John H. Gibbon, R. Todd Hunt, Walter & Haverfield, Cleveland, OH, Antonios C. Scavdis, DelGuzzi & Scavdis, Ravenna, OH, for defendants.

Burt Fulton, Gallagher, Sharp, Fulton & Norman, Cleveland, OH.

## MEMORANDUM OPINION

DOWD, District Judge.

### I. INTRODUCTION

This Court disposed of the merits of this case in a judgment entry March 15, 1993, granting Defendants' motion to dismiss (Docket No. 29). Defendants filed a post-judgment motion for an award of attorney

fees under the authority of 42 U.S.C. § 1988, 28 U.S.C. § 1927 and Fed.R.Civ.P. 11 (Docket No. 30). The Court denied the motion without prejudice to allow Defendants to refile at the conclusion of Plaintiffs' appeal (Docket No. 37). On appeal, this Court's ruling was affirmed by a 2–1 vote. *LRL Properties v. Portage Metropolitan Housing Authority*, 55 F.3d 1097 (6th Cir.1995). Defendants refiled their motion for attorney fees and Plaintiffs have submitted a response memorandum (Docket Nos. 41 and 47, respectively). Having considered the arguments in light of Sixth Circuit precedent, the Court denies Defendants' motion.

## II.  BACKGROUND

Plaintiffs LRL and LRL II are Ohio partnerships organized in part for the purpose of owning and operating Kenwood Courts, an apartment complex in the City of Kent, Ohio. Plaintiff Melvin Ross is a general partner of both entities. Plaintiffs filed this action against the Portage Metropolitan Housing Authority, its executive director Christie Anderson, the manager of its Section 8 Housing Program Thomas A. Smith, and the individual members of its board of commissioners.

Plaintiffs brought their action under 42 U.S.C. § 1983, alleging that the Defendants, acting under color of state law, violated Plaintiffs' fourteenth amendment rights to due process and equal protection by conspiring to "unlawfully destroy plaintiffs' ownership of and efforts to successfully operate an apartment complex located in the City of Kent, Ohio, which primarily provides affordable housing to minority and low-income households." (Complaint, ¶ 1). Plaintiffs also asserted state law claims of defamation and tortious interference with business.

Plaintiffs alleged that since at least 1985, the PMHA has pursued a political and/or economic objective of replacing the existing management and ownership of Kenwood

Courts with alternative ownership and management, either by the PMHA itself or by those with whom Defendants have a favored or preferred relationship. Plaintiffs further allege that in pursuing this goal Defendants have violated Plaintiffs' procedural and substantive due process rights, have treated Plaintiffs differently from similarly situated persons, have defamed Plaintiffs, and have tortiously interfered with Plaintiffs' business interests.

This Court granted Defendants' motion to dismiss.[1] The Court held that because the statute of limitations for Section 1983 claims in Ohio is two years, Plaintiffs could not pursue claims based on events occurring before October 21, 1990, two years prior to the filing date. Alleged events occurring after that date, even if taken as true for purposes of the motion to dismiss, failed to state a claim under Section 1983.[2] Plaintiffs showed no cognizable liberty or property interests which would allow them to invoke the protection of the due process and equal protection clauses of the Fourteenth Amendment. The Court also denied Plaintiffs' motion for leave to file an amended complaint, holding that the amended complaint cured none of the deficiencies in the original complaint. The Court's decision was affirmed in all respects by the Sixth Circuit, which also denied Plaintiffs' petition for rehearing en banc. *LRL*, 55 F.3d at 1097.

In seeking attorney fees and costs, Defendants contend that this lawsuit was frivolous, unreasonable and lacking foundation. Defendants say Plaintiffs should have known that the two-year statute of limitations on Section 1983 claims barred most of the claims presented. Moreover, Plaintiffs should have known that the interests they were asserting were not constitutionally protected liberty and property interests, according to Defendants. Defendants allege that the suit was filed in the belief Defendants would agree to a quick settlement in order to avoid substan-

---

1. Having dismissed the federal claims, the Court, pursuant to 28 U.S.C. § 1367(c), declined to exercise supplemental jurisdiction over the two state law claims of defamation and tortious interference.

2. This Court and the Court of Appeals rejected Plaintiffs' efforts to have the Court effectively waive the statute of limitations by considering all claims on a continuing violation theory or a discovery theory. *See LRL Properties*, 55 F.3d at 1105–06, 1107.

tial litigation costs. Defendants seek $58,-664.13 in attorney fees and costs.

### III. LAW AND DISCUSSION

#### A. Award of Attorney Fees Under 42 U.S.C. § 1988(b)

Defendants seek an award under 42 U.S.C. § 1988(b), which gives the court discretion to allow the prevailing party reasonable attorney fees.[3] Although the language of the statute does not distinguish between prevailing plaintiffs and prevailing defendants, the legislative history and relevant case law demonstrate that the standards are distinct.

■ The legislative history reflects that the primary purpose of Section 1988(b) is to give private citizens who might not otherwise be able to afford it an opportunity to vindicate important constitutional rights. *See* Sen.Rep. No. 94–1011, 2–5 (1976), *reprinted in 1976 U.S.Code Cong. & Ad.News,* 5908, 5910–12. The Senate Report accompanying the legislation stated:

> It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act. A party *seeking to enforce the rights* protected by [Section 1983], if successful, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.

*Id.* at 5912 (emphasis added) (citation omitted). While the legislative history thus evinces a clear presumption in favor of awarding attorney fees to a prevailing plaintiff, it affords no such presumption to a prevailing defendant: " '[P]rivate attorneys general' should not be deterred from bringing good faith actions to vindicate the fundamental rights here involved by the prospect of having to pay their opponent's counsel fees should they lose." *Id.*

In *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court articulated what has become the standard for awarding attorney fees to prevailing defendants in civil rights cases: "[A] district court may in its

discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421, 98 S.Ct. at 700. While *Christiansburg* addressed Title VII cases, the Supreme Court later held that the *Christiansburg* standard applied in actions brought pursuant to Section 1983. *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980).

■ Thus while Section 1988 entitles prevailing plaintiffs to attorney fees unless special circumstances would render an award unjust, prevailing defendants are so entitled only when the plaintiff's underlying claim is frivolous, unreasonable or groundless. The Sixth Circuit has emphasized that the mere fact that the defendant is the prevailing party does not mean that an action was unreasonable or without foundation:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

*Tarter v. Raybuck,* 742 F.2d 977 (6th Cir. 1984), *cert. denied,* 470 U.S. 1051, 105 S.Ct. 1749, 84 L.Ed.2d 814 (1985) (*quoting Christiansburg,* 434 U.S. at 421–22, 98 S.Ct. at 700). *See also Smith v. Smythe–Cramer Co.,* 754 F.2d 180, 185 (6th Cir.1985), *cert. denied,* 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985).

■ Applying this heightened standard to the facts of the instant case, the Court does not find that Plaintiffs' action was frivolous, unreasonable or groundless. Plaintiffs based much of their case on two arguments: 1) the statute of limitations should be waived under either a "discovery" or "continuing violation" theory; and 2) the interests they asserted

---

**3.** 42 U.S.C. § 1988(b) provides in pertinent part: "In any action or proceeding to enforce a provision of section[] ... 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

could be construed as constitutionally protected liberty and property interests. That this Court and the Court of Appeals rejected those arguments does not render them frivolous, unreasonable or groundless. The fact that a dissenting judge supported Plaintiffs on appeal,[4] though not dispositive of the issue, is an indication that Plaintiffs' claims were not patently unreasonable.

Defendants cite two cases supporting their assertion that the Sixth Circuit has upheld attorney fee awards to prevailing defendants. Those cases, however, show the level of egregiousness required before such an award is warranted. In *EEOC v. Bellemar Parts Industries*, 868 F.2d 199 (6th Cir.1989), the court found that the plaintiff's claim was clearly groundless and that the plaintiff proceeded with actual knowledge of the groundlessness of the claim. *Id.* at 200.[5] In *Scarso v. Cuyahoga County Dept. of Human Services*, 747 F.Supp. 381 (N.D.Ohio 1989), the court found that the plaintiff in a custody case "used and abused the judicial system ... in an effort to pirate the legal custody of his son from ... the child's mother." *Id.* at 388. Defendants fail to show that Plaintiffs' conduct in this case met the level of the cases it cited for support.[6]

### 2. Award of Attorney Fees Under Rule 11

Fed.R.Civ.P. 11 provides in pertinent part: The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of ex-

isting law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.[7]

■ Defendants' argument for recovery of attorney fees under Rule 11 is unconvincing. The Advisory Committee notes accompanying Rule 11 caution against using the Rule to undermine fee-shifting statutes: "In cases brought under statutes providing for fees to be awarded to prevailing parties, the court should not employ cost-shifting under this rule in a manner that would be inconsistent with the standards that govern the statutory award of fees, such as stated in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)." Fed. R.Civ.P. 11 advisory committee's note. Absent the showing of frivolity, unreasonableness or groundlessness required for a fee award under Section 1988, the Court finds no reason to use Rule 11 to penalize Plaintiffs.

### 3. Award of Attorney Fees Under 28 U.S.C. § 1927

■ Finally, Defendants claim they are entitled to attorney fees under 28 U.S.C. § 1927, which provides for an award of attorneys' fees where an opposing attorney "multiplies the proceedings in any case unreason-

---

4.  *See LRL,* 55 F.3d at 1112–18.

5.  It is worth pointing out that the policy considerations mitigating against awarding attorney fees to prevailing defendants are not as strong when the plaintiff is an agency, such as the EEOC, rather than an individual attempting to vindicate his or her own rights.

6.  *Defendants improperly rely upon Scarso* because the portion of the district court's opinion regarding attorney fee sanctions was remanded by the Sixth Circuit on technical grounds. 917

F.2d 1305, 1990 WL 169645. Nonetheless, *Scarso is a good example of the egregiousness* required to award attorney fees to a prevailing defendant in a Section 1983 case.

7.  Rule 11 was changed, effective December 1, 1993, to require notice and the opportunity to respond before sanctions could be imposed. However, this case concluded on March 15, 1993, prior to the enactment of the new rule, so it is governed by this version of the rule.

ably and vexatiously...." The statute holds an attorney personally liable for excess costs attributable to his misconduct.

■ The standard for determining Section 1927 violations in the Sixth Circuit is an objective one, i.e. "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *In re Ruben,* 825 F.2d 977, 984 (6th Cir.1987), *cert. denied sub nom Swan v. Ruben,* 485 U.S. 934, 108 S.Ct. 1108, 99 L.Ed.2d 269 (1988).

Given that this case was disposed of on the pleadings, it is difficult for the Court to envision how Plaintiffs' counsel "multiplie[d]" the proceedings to excess. The case lasted less than five months from the date of filing until the date of judgment entry.[8] The Court finds neither the dilatory conduct nor the generation of excessive costs required to impose sanctions under this statute.

### IV. CONCLUSION

This Court and the Sixth Circuit found this case appropriate for dismissal on the pleadings. However, under the prevailing case law, such a decision is not tantamount to a determination that the case was frivolous, unreasonable or groundless, warranting an award of attorney fees for defendants.

The Court will publish a Judgment Entry denying Defendants' refiled motion for attorney fees and costs (Docket No. 41) and closing the case.

IT IS SO ORDERED.

---

8. The fact that the appellate process prolonged the case by more than a year has no bearing on Defendants' claim that Plaintiffs needlessly multiplied the proceedings, as the Section 1927 claim was filed in Defendants' post-judgment motion for attorney fees just after this Court entered judgment.