**Pamelia Y. MURRAY, Plaintiff–Appellant,**

v.

**KAISER PERMANENTE,**
**Defendant–Appellee.**

No. 02–3633.

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2002.

---

Before MERRITT and DAUGHTREY, Circuit Judges; and RUSSELL, District Judge.*

## ORDER

Pamelia Y. Murray, an Ohio resident proceeding pro se, appeals the district court order granting summary judgment to the defendant in this employment discrimination case brought under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–16, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Murray sued her former employer Kaiser Foundation Health Plan of Ohio, Inc. (Kaiser), in state court. Murray, a Jehovah's Witness, alleged the following causes of action: (1) wrongful discharge; (2) discrimination on the basis of religion in violation of Title VII; (3) breach of implied contract; and (4) blacklisting. Kaiser removed the case to the United States District Court for the Northern District of Ohio based on federal question jurisdiction. See 28 U.S.C. § 1441. Kaiser filed a motion for judgment on the pleadings, or in the alternative, summary judgment. The district court granted the motion. The court held that Murray failed to present a prima facie case of discrimination, that Kaiser demonstrated a legitimate, non-discriminatory reason for terminating Murray, that there was no evidence that Kaiser retaliated against Murray by blacklisting her, and that Murray had dropped her claims of wrongful discharge and breach of implied contract.

In her timely appeal, Murray argues that the district court erred by granting summary judgment to Kaiser on her discrimination claims because: (1) an Ohio administrative agency found her termination improper; and (2) she established a prima facie case of discrimination.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to Kaiser. Murray began working for Kaiser, a health maintenance organization, in September 2000 as a part-time member service representative (MSR). Kaiser's subscribers call the company to access health care providers. Kaiser MSRs field these calls and, depending on the nature of the member's problem, schedule appointments or refer the member to a nurse for advice. A MSR's duties include taking identification information from the member, documenting their chief complaint and symptoms, and listening for "red flags" that indicate a need for immediate medical advice. Kaiser terminated Murray on December 15, 2000, citing frequent mistakes she made in calls that she answered and tardiness.

██ Murray did not establish the elements of a prima facie case of religious

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

discrimination. Murray arguably met the first three elements because she is a Jehovah's Witness, was at least qualified enough to get hired, and suffered an adverse employment action. She did not allege, however, that she was replaced by someone outside of her protected class or that Kaiser treated a comparable non-protected person better. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992).

■ Moreover, even if Murray could establish a prima facie case, Kaiser had a legitimate, non-discriminatory reason for firing her and Murray did not show that this reason was mere pretext for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1185 (6th Cir.1996). During her four months with Kaiser, Murray was late for work four times and committed eight documented errors in messages she took. The error that precipitated Murray's termination was a message she took on December 13, 2000. The message was so garbled that the doctor responding to it was not able to decipher it. Murray's poor performance justified her termination.

■ Murray's argument that her termination was improper because an administrative agency found in her favor is without merit. The Ohio Department of Job and Family Services found that Murray's discharge was not justifiable and approved her claim for unemployment benefits. Under Ohio law, this finding is not to be given collateral estoppel or res judicata effect in any separate or subsequent judicial proceeding. *See* Ohio Rev.Code Ann. § 4141.28(R) (West 2000) (now codified at § 4141.281(d)(8)); *Noyes v. Channel Prods., Inc.,* 935 F.2d 806, 809 n. 1 (6th Cir.1991). Accordingly, the agency's decision has no bearing on Murray's district court case.

We also conclude that the district court properly granted summary judgment to Kaiser on Murray's blacklisting/retaliation claim. Murray alleged that Kaiser blacklisted her because the company learned of Murray's pending lawsuit against her former employer, Target. Murray cannot establish a causal connection between her protected activity and her termination because it is undisputed that Kaiser did not learn of Murray's lawsuit against Target until after Kaiser had already fired her. Thus, she failed to make out a prima facie case of retaliation. *See Allen v. Mich. Dep't of Corr.,* 165 F.3d 405, 412 (6th Cir. 1999).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.