Vicki KNESTRICK and David Knestrick, Plaintiffs,

v.

INTERNATIONAL BUSINESS MA-CHINES CORPORATION, a New York Corporation; ISSC, a subsidiary of IBM, CORP.; Manpower of Detroit, Inc., a Michigan Corporation; Jack Farquhar, individually and in his capacity as su-pervisor; Lisa Northey, individually and in her capacity as supervisor; Ralph Holmes, individually and in his capacity as supervisor, jointly and severally, De-fendants.

Civil Action No. 96–40328.

United States District Court, E.D. Michigan, Southern Division.

Nov. 19, 1996.

Melanie T. LaFave, Jaffe, Raitt, Heuer & Weiss, P.C., Detroit, MI, for Ralph Holmes.

Charles S. Mishkind, Miller, Canfield, Pad-dock & Stone, Detroit, MI, for Jack Farqu-har.

Judith D. Doran, Bloomfield, MI, for David Knestrick.

## MEMORANDUM OPINION AND ORDER SANCTIONING COUNSEL FOR DEFENDANTS

GADOLA, District Judge.

Plaintiffs filed a complaint with the Circuit court for Oakland county, Michigan on August 12, 1996, alleging six counts against the defendants for violation of "the Constitution of the State of Michigan and the requirements of the Elliott–Larsen Civil Rights Act, M.C.L.A. § 37.2101, et seq.; M.S.A. § 3.548(101) et seq." as well as Michigan common law. The claims relate to incidents of alleged harassment of, and discrimination against, plaintiff Vicki Knestrick ("Knestrick") due to her pregnant condition while employed by or under the supervision of the defendants. In addition, Count IV[1] of the complaint alleged that Knestrick was terminated on April 19, 1996 in retaliation for filing a complaint with the Equal Employment Opportunity Commission ("EEOC") on April 8, 1996.

Defendants International Business Machines Corporation ("IBM"), ISSC, and Jack Farquhar (collectively "defendants"), filed a notice of removal of the action to this court on September 13, 1996 alleging that this court had federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on Title VII of Civil Rights Act of 1964, *as amended*. The defendants stated that:

1. Plaintiffs mistakenly plead "Count IV" twice, i.e., by asserting claims of "retaliation" and "intentional infliction of emotional distress" and labeling both of them "Count IV".

2. Although plaintiffs filed a motion to remand on September 30, 1996, this court did not consider that motion in issuing its *sua sponte* order to remand and show cause.

3. This court also indicated in that order that the consent for removal by the other defendants had not been established. While this could not be, and was not, the basis of this court's *sua sponte* decision to remand, defendants have indicated that they did, in fact, file a consent to removal. This court acknowledges that such a consent was filed albeit in a rather careless manner. The defendants' notice of removal directed this court to "See Exhibit 2" for proof of consent to the removal. Although that was the only reference to "Exhibit 2" in the entire notice of removal,

[t]his Court has original jurisdiction under 28 U.S.C. § 1331 (Federal Question) because Plaintiff, Vicki Knestrick has asserted claims arising under Title VII of Civil Rights Act of 1964, *as amended,* and this Court has original jurisdiction of the controversy presented in the state court action (federal question jurisdiction).

In this court's October 10, 1996 *sua sponte* order to remand and to show cause,[2] this court stated that:

[a]lthough the plaintiffs could have pursued a Title VII claim, they chose not to do so. As explained in *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 [107 S.Ct. 1542, 1546, 95 L.Ed.2d 55] (1987), "[A] cause of action arises under federal law only when the plaintiff's *well-pleaded complaint raises issues of federal law.*" (emphasis added) (citations omitted). As such, since plaintiffs' well-pleaded complaint only seeks relief under state law and the diversity jurisdiction requirements are not met here, there was no basis for federal subject matter jurisdiction in this case. *See Franchise Tax Board [v. Construction Laborers Vacation Trust ],* 463 U.S. [1] at 8 [103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983) ].[3]

In their response to this court's order to show cause why Federal Rule of Civil Procedure 11 sanctions should not be imposed for the defendants' improvident notice of removal, the defendants argued that:

that exhibit contained, in order: defendants' Manpower of Detroit, Inc., Lisa Northey and Ralph Holmes answer in the Circuit court proceeding; plaintiff's first set of interrogatories to Manpower of Detroit, Inc., in the Circuit court proceeding; plaintiff's first set of interrogatories to I.B.M. and ISSC in the Circuit court proceeding; a copy of a facsimile of plaintiff's first set of interrogatories to I.B.M. and ISSC in the Circuit court proceeding; **the consent to removal to United States district court**; and the notice of filing of notice of removal which was filed in the Circuit court. This court delves into this issue only because of defense counsel's persistence in having this court acknowledge that he did, indeed, file the consent of removal. While this court so acknowledges, it is noteworthy, in light of this order imposing sanctions for what amounts to a careless filing of a notice of removal, that the consent for removal itself was also presented to the court in a rather careless manner.

... Count IV of the Complaint, on its face, alleges a Title VII cause of action where it states that Defendant retaliated against Plaintiff for "filing a charge with the EEOC." .... To establish that Count IV arises under federal law, Defendants referred to § 704 of Title VII, 42 U.S.C. § 2000e–3(a), the federal statute Defendant argues created Plaintiff's cause of action. Based on the language employed by Plaintiff in the Complaint, it is reasonable to argue that it asserts a cause of action arising under Title VII. Next, Defendant argued, based upon the text of the Statute, that Elliott–Larsen was **inapplicable** to Plaintiff's Complaint. This argument was intended to eliminate any possibility that the Complaint arises under state law. Thus, this was an objectively reasonable and non-frivolous argument because practitioners certainly could reasonably disagree over the validity of this position. (emphasis added)

■ Having reviewed the defendants' response to this court's order to show cause as well as their brief in opposition to plaintiff's motion to remand,[4] this court now formally finds that a sanction should be imposed upon Charles S. Mishkind of the firm Miller, Canfield, Paddock and Stone, P.L.C., counsel for the defendants, because the removal of this action violated Federal Rule of Civil Procedure 11(b)(2).

■ A Rule 11 sanction is appropriate when a pleading is frivolous, i.e. both baseless and made without a reasonable and competent inquiry. *See Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor,* 875 F.2d 1224 (6th Cir.1989). Counsel's subjective belief in the propriety of the pleading is irrelevant in determining if Rule 11 has been violated since that assessment must be made using an objective test of reasonableness under the circumstances. *Id.* at 1229. *See also* Fed.R.Civ.P. 11 advisory committee's notes. Under this test, "the relevant question is no longer whether the signer subjectively believed that a claim was legitimate. Rather, it is whether a competent attorney ..., after

appropriate investigation, would have reasonably believed that the claim was well grounded in fact and law." *Holling v. United States,* 1995 WL 871257 *3 (E.D.Mich.1995) (quoting *Kenna v. United States Dep't of Justice,* 128 F.R.D. 172, 176 (D.N.H.1989) (citing cases)). *See also Business Guides, Inc. v. Chromatic Communications Enters., Inc.,* 498 U.S. 533, 553, 111 S.Ct. 922, 934, 112 L.Ed.2d 1140 (1991) (stating that "[t]he relevant inquiry is whether a specific filing was, if not successful, at least well founded.").

■ It is axiomatic that a "plaintiff is master of his claim and may choose not to assert a federal right that is available and rely only on state law...." 14A C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure* § 3722 (2d ed.1985) ("Wright and Miller"). The Sixth Circuit has stated that "[t]he well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 943 (6th Cir.1994) (citing *Franchise Tax Board,* 463 U.S. at 13, 22, 103 S.Ct. at 2848, 2852–53). The defendants' argument that: "Plaintiffs have only a Title VII retaliation claim notwithstanding the rest of what the Complaint states or does not state," is unavailing and baseless in light of the abundance of caselaw which establishes a plaintiff's right to select between federal and state remedies. *See* Wright and Miller § 3722 (stating that "[i]f ... there is a choice between federal and state remedies, the federal courts will not ignore the plaintiff's choice of state law as the basis for the action. To do so would contravene the principle that the federal courts are courts of limited jurisdiction and create a discrepancy in practice between original and removal jurisdiction.") (citing cases).

Moreover, it is evident that counsel has not made a reasonable and adequate inquiry in this matter. The defendants acknowledge,

---

4. This court finds that since the imposition of sanctions in this instance is inherently a question of law, that issue can be decided based on the

submissions made to this court by the defendants and that oral argument is not necessary.

as they must, that there are no cases that support their position that the filing of an EEOC complaint necessarily invokes a Title VII retaliation claim. However, what counsel failed to represent to this court is that there is caselaw which allowed an ELCRA retaliatory discharge claim based upon a filing of an EEOC complaint. This court was instantly able to find two such Michigan cases simply by running an exceedingly straightforward search in the "Westlaw" electronic database. That search consisted of entering the terms "37.2701 & EEOC" in the "MS–CS" database. The search result includes *McLemore v. Detroit Receiving Hospital et al.*, 196 Mich.App. 391, 493 N.W.2d 441 (1992) and *Slayton v. Michigan Host, Inc.*, 144 Mich.App. 535, 376 N.W.2d 664 (1985). In *McLemore,* the appellate court affirmed a jury verdict finding that the defendants terminated plaintiff's employment in retaliation for her filing a sex discrimination charge with the EEOC in violation of ELCRA. In *Slayton,* the court of appeals accepted, as a non-issue, the fact that the plaintiff properly brought suit pursuant to ELCRA for an alleged retaliatory discharge for, not only filing a complaint with the EEOC, but also for actually filing a suit in federal court.

This court finds that defense counsel's conduct was not reasonable under these circumstances. *See Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir.1996). Even if counsel believed that plaintiffs were asserting a Title VII retaliatory claim despite a plain reading of the complaint, which reveals that the plaintiffs' specifically plead state law violations, defense counsel was nevertheless obligated to conduct a reasonable inquiry into whether plaintiff could be asserting a retaliation claim based on ELCRA. Such an inquiry would have undoubtedly revealed that such a claim can indeed be brought under ELCRA.

This court is sensitive to concerns that sanctions may "chill" the attorney creativity and vigorous advocacy which are inherent components of our civil justice system. *See, e.g., Yancey v. Carroll County, Ky.*, 674 F.Supp. 572, 575 (E.D.Ky.1987), *aff'd*, 884 F.2d 581 (6th Cir.1989). However, this court does not find that the instant actions by defense counsel were of a nature to "test or expand the scope of legal rules." *Costantini v. Guardian Life Ins. Co.*, 859 F.Supp. 89, 91 (S.D.N.Y.1994)[5] Instead, this court finds that defense counsel's conduct evidenced an unreasonable inquiry into the law before signing the notice of removal[6] which resulted in a frivolous misrepresentation to the court. Rule 11 requires litigants to "stop-and-think" before making legal contentions. *See* Fed. R.Civ.P. advisory committee's note. Unfortunately, counsel, who may have been motivated by an overly aggressive desire to get his clients into a federal forum, failed to do just that.

■ In an effort to determine how to appropriately sanction defendants' counsel, this court is guided by *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414 (6th Cir.1992). In *Orlett,* the Sixth circuit set forth factors that this court should consider including: the attorney's prior experience; his history of sanctions in this district court; ability to pay, degree of bad faith or want of diligence; amount of fees and costs resulting from the attorney's inappropriate conduct; mitigating conduct, if any; and that amount necessary and effective to bring about deterrence under all the particular circumstances. *Id.* at 419. The *Orlett* court stressed that "deterrence is the most important goal of amended Rule 11." *Id.* at 420.

With due regard to the *Orlett* factors as well as the overriding goal of Rule 11, this court finds that a monetary penalty of

---

5. Defendants cite *Constantini* in support of their argument that this court should not impose sanctions because of the "chilling" effect it would have. Instead, the *Constantini* court found that sanctions were not warranted, at least in part, because the plaintiff therein failed to raise the matter with opposing counsel before applying for sanctions as required under the 1993 amendments.

6. The court notes, without further comment, that the original notice of removal was signed by "Charles A. Mishkind" in a handwriting noticeably different than that appearing on the defendants' response to this court's order to show cause.

$1,000.00 is an appropriate sanction to deter defense counsel from undertaking any similar frivolous conduct in the future.

**IT IS HEREBY ORDERED** that counsel for defendants, International Business Machines Corporation, ISSC and Jack Farquhar, CHARLES S. MISHKIND, Esq., of the firm Miller, Canfield, Paddock and Stone, P.L.C., is **SANCTIONED,** pursuant to Federal Rule of Civil Procedure 11(b)(2) and 11(c)(1)(B), in the amount of **ONE THOUSAND DOLLARS** ($1,000.00) payable to this court for filing a frivolous notice of removal in this court.

**SO ORDERED.**