**Joseph PIERZYNOWSKI, Donna Pierzynowski, Daniel Pierzynowski and Joseph Pierzynowski, Jr., Plaintiffs,**

v.

**POLICE DEPARTMENT CITY OF DETROIT, and Michael A. Cox, jointly and severally, Defendants.**

Civil Action No. 95–CV–40205.

United States District Court, E.D. Michigan, Southern Division.

Dec. 11, 1996.

Jennifer M. Granholm, William S. Pearson, Wayne County Corporation Counsel, Detroit, MI, for Michael A. Cox.

Michelle L. Barrus, John P. Quinn, Leontyne P. Newland, Detroit City Law Department, Detroit, MI, for Detroit Police Department.

Rudolph A. Wartella, Eastpointe, MI, for Joseph Pierzynowski.

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES

GADOLA, District Judge.

On April 18, 1995, plaintiffs, Joseph Pierzynowski, Donna Pierzynowski, Daniel Pierzynowski and Joseph Pierzynowski, Jr. filed a 42 U.S.C. § 1983 action in Wayne County Circuit Court alleging injury resulting from Joseph Pierzynowski's arrest and prosecution for Criminal Sexual Conduct in the First Degree, a charge of which he was acquitted. On September 23, 1996, this court granted defendants' motions for judgment on the pleadings and summary judgment, thereby dismissing plaintiffs' 42 U.S.C. § 1983 claims. On October 2, 1996, defendant City of Detroit ("City") filed a motion for attorney fees and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927. For the ensuing reasons, this court will grant the City's motion.

### 1. Attorney Fees Should be Awarded Against Plaintiffs Pursuant to 42 U.S.C. § 1988

 Title 42, section 1988 of the United States Code provides that the prevailing party may recover attorney fees in any proceeding to enforce civil rights provision 42 U.S.C. § 1983. The Supreme Court pronounced the standard a court should apply when making a determination as to whether a successful defendant should be awarded attorney fees under 42 U.S.C. § 1988 in *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 418, 98 S.Ct. 694, 698–99, 54 L.Ed.2d 648 (1978) (promulgating the standard for deciding attorney fee awards to prevailing defendants in Title VII cases) and *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (adopting, for civil rights cases, the standard used in determining attorney fee awards to successful defendants in Title VII actions). "Under the *Christiansburg–Hughes* standard, a successful defendant may recover § 1988 fees only if the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." M. Schwartz et al., *Section 1983 Litigation: Claims, Defenses and Fees* § 26.1 (1991). *See also Christiansburg Garment Co.*, 434 U.S. at 422, 98 S.Ct. at 700–01. Indeed, in order to deter a "chilling effect" on possible civil rights plaintiffs, the standard for determining whether a defendant is entitled to fees is more stringent than the measure for deciding whether the plaintiff is allowed fees. Courts should be cautious not

"to engage in *post hoc* reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co.,* 434 U.S. at 421–22, 98 S.Ct. at 700.

■ Applying the heightened *Christiansburg–Hughes* standard, this court finds that the plaintiffs should be sanctioned pursuant to 42 U.S.C. § 1988. This record contains evidence confirming that plaintiffs made dauntless, factually unsupported "shotgun charges" in their complaint,[1] while truly cognizant that their case lacked a factual or legal foundation. *Compare E.E.O.C. v. Bellemar Parts Industries,* 868 F.2d 199 (6th Cir.1989) (awarding defendants fees upon a finding that plaintiffs claim was groundless and plaintiffs proceeded with actual knowledge of its groundlessness); *Kaimowitz v. Howard,* 547 F.Supp. 1345, 1351–52 (E.D.Mich.1982), *aff'd.,* 751 F.2d 385 (6th Cir.1985) (finding that plaintiff cannot "with impunity make shotgun charges"). For instance, the charge which constitutes the gravamen of the complaint—that Joseph was vindictively prosecuted based upon his Native American descent—was allegedly planted in the plaintiffs' minds by operation of resembling allegations being concocted by Joseph's attorney during the criminal trial. Yet, Joseph testified at his deposition that the derivation of his last name was Polish, and that he had no reason to believe that his Native American ancestry was known to the officers or the prosecutor prior to any contact with him. And Donna Pierzynowski stated at her deposition that she had "no reason to believe or any evidence" from which she concluded that her husband's arrest and prosecution was based upon the fact that he was a Native American, aside from such a notion surfacing by accusations of Joseph's defense attorney at the criminal trial.

Yet another example illustrating the inherent frivolity of this case relates precisely to the allegation made by the plaintiffs that the City "failed to properly train the individual Detroit Police Officers Defendants [sic] in the proper witness interview, preparation and investigation procedure so as not to deny Plaintiff, JOSEPH PIERZYNOWSKI, his right to be free from discriminatory, unconstitutional and prohibited arrest." In order to succeed on such a claim, plaintiffs were required to present proof of the City's deliberate indifference toward educating officers.[2] Plaintiff had absolutely *no* evidence that the City of Detroit police officers did not obtain proper training; Donna Pierzynowski admitted to this at her deposition. In justifying her inauguration of such a charge, she stated that this allegation derived from her viewing of television programs which discuss lack of officer training as a nation-wide problem. Given plaintiffs' concession that they had no evidence of improper police instruction at the time of filing their complaint, this court finds it incredible that the plaintiffs did not seek to substantiate their barren allegation by deposing even one police officer, or requesting documents relating to the policies, customs or practices of the Detroit Police. In fact, plaintiffs failed to engage in *any* discovery, period!

And, with respect to discovery, not only did plaintiffs decline to conduct any discovery, they also obstructed defendants' discovery efforts by refusing to answer interrogatories, produce documents and complete depositions. For instance, at one point in time, Joseph "refused to continue said deposition" even "at the insistence of his Attorney." *See Pierzynowski v. Davis, et. al., Opinion and Order Granting Defendant Cox's Request for Costs and Fees,* Civ. No. 95–40205, slip op. (E.D.Mich. June 17, 1996).

In sum, this court has given substantial deliberation to this matter and concludes that plaintiffs filed an unreasonable case, wholly lacking in foundation. At the very least, plaintiffs should have become aware of the deficiencies in their case after discovery. Yet, instead of dismissing their case at that time, plaintiffs simply did nothing—except to block defendants' discovery. Consequently, the inevitably fallible litigation proceeded at

---

1. The complaint was the only pleading filed by the plaintiffs.

2. The complaint likewise, was deficient in this regard, for it failed to allege that the City had a policy or custom of improper training.

minimal cost and a modicum of labor on the part of plaintiffs and their counsel, while, in striking contrast, plaintiffs' inattentive, irresponsible and unresponsive behavior effected significant costs upon the City and forced the City, which remained diligent throughout all stages of the proceedings, to seek dismissal of the unavailing action.

■ Having found an award of attorney fees warranted, this court must next determine what amount of attorney fees is reasonable. Calculation of the "lodestar" is the initial step in ascertaining the amount of attorney fees to be awarded the prevailing defendant under 42 U.S.C. § 1988. The lodestar is computed by multiplying reasonably expended hours by reasonable hourly rates for professional services. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The burden is on the party seeking the fee award to "submit evidence supporting the hours worked and the rates claimed." *Id.* at 433, 103 S.Ct. at 1939. After the lodestar is calculated, it can be adjusted by the court to eliminate duplicative or unnecessary expenses. *Martin v. Cavalier Hotel Corp.,* 48 F.3d 1343, 1359 (4th Cir. 1995) (reducing the requested fee award by 50% because the requested award contained duplicative and unnecessary expenses). When deciding whether to adjust the fee, this court should take into account the losing parties' ability to pay. *Hill v. BASF Wyandotte Corp.,* 547 F.Supp. 348 (E.D.Mich.1982).

■ The City requests fees in the amount of $6,187.00, representing attorney fees and costs expended defending the litigation "in toto": (1) 3.2 hours expended by senior counsel at $135.00 per hour; (2) 1.0 hours of labor exerted by a junior assistant at $75.00 per hour; and (3) 56.8 hours spent by assistant counsel at $100.00 per hour.[3]

In regard to the time element, upon a vigilant and careful review of the records submitted by the City, this court finds the hours expended by the City in this case to be well-documented and justified, save for the amount of time preparing the present motion for attorney fees and costs. Assistant counsel indicates an expenditure of eight hours preparing the motion for attorney fees and costs. This court believes three hours to be a reasonable amount of time to spend on such a motion, in light of the lack of complexity involved in preparing the same.

As for the dollar figures submitted by the City, this court is convinced that the fees are reasonable. In fact, the fees requested are at the low-end of fees in the relevant community given the qualifications and experience of counsel.[4] Therefore, this court finds attorney fees in the amount of $5,387.00 to be reasonable.

Upon a consideration of the plaintiff's ability to pay, this court finds no adjustment to the requested fee award necessary. Plaintiffs were given an opportunity to challenge the reasonableness of the fees and their ability to pay. Plaintiffs have not, however, filed a response to the City's motion for attorney fees. To be sure, the response time has long passed. *See e.g. Roche v. Adkins,* 1993 WL 262009 (7th Cir.1993) (unpublished table disposition) (holding that "when a plaintiff from whom fees are sought neglects to respond to a defendant's fee request, the district court is deprived of a factual basis for tempering the amount to be awarded based upon ability to pay"); *Doyle v. Oklahoma Bar Association,* 1993 WL 472806 (W.D.Okla. Oct. 20, 1993) (awarding entire amount of attorney fees requested, $19,895.52, since plaintiffs did not file a response to defendant's motion). Furthermore, this court finds the attorney fee request modest, especially in light of the fact that the fees are borne by not merely one, but rather, four plaintiffs. *Mohammed v. Union Carbide Corp.,* 606 F.Supp. 252, 262 (E.D.Mich.1985) (courts should avoid financial ruin of litigants and attorneys in awarding sanctions). *See e.g. Piljan v. Michigan Dept. of Social Services,* 585 F.Supp. 1579,

---

3. This third request includes eight hours preparing the current motion for attorney fees and costs.

4. The City submitted curriculum vitae as proof of counsels' various experience levels and urged the court to compare the City's request for fees with

fees listed in an article showing the distribution of 1994 average billing rates by selected categories based on professional experience entitled *Law Firm Billing Rates and Billing Practices,* 73 *Mich.Bar J.* 11 (Nov.1994).

1583 (E.D.Mich.1984) (awarding $3000.00 in attorney fees to prevailing defendant in a Title VII lawsuit); *Kaimowitz v. Howard,* 547 F.Supp. 1345 (E.D.Mich.1982) (assessing $4,866.40 against a plaintiff upon the court's determination that she should be sanctioned for filing a factually deficient case, notwithstanding the fact that she was "without adequate financial means to pay the requested attorney fees"); *Hill v. BASF Wyandotte Corp.,* 547 F.Supp. 348, 355–56 (E.D.Mich. 1982) (awarding $3000.00 to prevailing defendants in an employment discrimination case).

### 2. Attorney Fees Should be Awarded Against Plaintiffs' Attorney Pursuant to 28 U.S.C. § 1927

 The City also requests this court to find plaintiffs' counsel, Rudolph Wartella, personally liable for attorney fees pursuant to 28 U.S.C. § 1927.[5] Title 28, section 1927 of the United States Code provides for the assessment of attorney fees, costs and expenses against an attorney who "multiplies the proceedings in any case unreasonably or vexatiously" through wilful abuse of the judicial process. *Jones v. Continental Corp.,* 789 F.2d 1225, 1229–33 (6th Cir.1986). "Application of § 1927 is warranted" when an attorney has engaged in some sort of conduct, that from an objective standpoint, "falls short of the obligations owed by a member of the bar to the court, and which as a result causes additional expense to the opposing party." *Holmes v. City of Massillon, Ohio,* 78 F.3d 1041, 1049 (6th Cir.1996) (citation omitted), *cert. denied, Fabianich v. Holmes,* — U.S. ——, 117 S.Ct. 312, 136 L.Ed.2d 228 (1996). The attorney's conduct must amount to more than simple inadvertence or negligence. *Id.* (citing *Orlett v. Cincinnati Microwave, Inc.,* 954 F.2d 414, 419 (6th Cir.1992)). The liability created under § 1927 is only for excessive costs due to persistent prosecution of a meritless claim. *Browning v. Kramer,* 931 F.2d 340, 344 (5th Cir.1991). Indeed, punishment under the statute is sparingly applied and the court should not shift the entire burden of an action's defense under 28 U.S.C. § 1927 unless the entire course of proceedings was

unwarranted. *F.D.I.C. v. Calhoun,* 34 F.3d 1291, 1296 (5th Cir.1994) (citation omitted).

 This court finds that Mr. Wartella should be liable for the entire amount of attorney fees awarded the City in that his conduct amounted to a vexatious multiplication of the proceedings. It is obvious to this court that Mr. Wartella did not make a reasonable inquiry into the facts and that a reasonable attorney would have recognized that the suit was groundless from the very onset of the litigation. In the complaint prepared by Mr. Wartella, which was the only pleading filed by the plaintiffs with this court, bold conclusory allegations were offered but not one specific fact was proffered, presumably because Mr. Wartella was aware that no such fact existed. Nor did Mr. Wartella attempt to verify the accuracy of the naked allegations asserted in the complaint by conducting discovery.[6] Not only did Mr. Wartella decline to engage in discovery, he wilfully abused the judicial process by stonewalling defendants' discovery efforts. For example, Mr. Wartella failed to cooperate by walking out of depositions and refusing to allow his client to furnish any substantive information about the underlying charges. *Jones,* 789 F.2d 1225, 1230 (6th Cir.1986) ("An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits, or pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise 'unreasonable or vexatious.' ").

Mr. Wartella also failed in his obligation to conduct a reasonable search into the law. The most glaring evidence of this, aside from the inartfully drafted complaint, is that Plaintiffs' attorney failed to recognize the obvious, i.e. that Joseph Jr., Donna and Daniel Pierzynowski did not have standing to bring this § 1983 action. Furthermore, Mr. Wartella vexatiously multiplied the proceedings by forcing the City to prepare and file unneces-

---

**5.** Mr. Wartella did not file a response to the City's motion for attorney fees and costs.

**6.** *See supra* at p. 4.

sary pleadings with this court.[7] Since this court finds that Mr. Wartella's vexatious behavior initiated with the filing of the complaint, this court awards the City reasonable attorney fees and costs attributable to defending the entire case. Accordingly, reasonable attorney fees in the amount of $5,387.00 are assessed against plaintiffs' counsel, Mr. Wartella.[8]

### ORDER

**IT IS HEREBY ORDERED** that the City's motion for attorney fees and costs against the plaintiffs, Joseph Pierzynowski, Donna Pierzynowski, Daniel Pierzynowski, and Joseph Pierzynowski, Jr. and against plaintiffs' counsel, Rudolph Wartella, jointly and severally is **GRANTED** in the amount of $ 5,387.00. Payment is to be made to the City within thirty (30) days from the date of entry of this order.

**SO ORDERED.**

---

7. For instance, Mr. Wartella promised the City he would file an amended complaint after the City pointed out the deficiencies in the original complaint. Then, Mr. Wartella faxed an amended complaint to the City, which he never filed with this court. After receiving the faxed amended complaint an assuming the same to be filed, the City filed, in response, an answer and a motion for summary judgment.

8. *See supra* at pp. 1150–1151 for the calculation of attorney fees that this court finds reasonable.