James and Janice **ELSMAN**, Plaintiffs,

v.

**STANDARD FEDERAL BANK (MICHIGAN); Standard Federal Bank (Chicago); Standard Federal Bancorporation, a holding company; ABN–AMRO North America, Inc., a Delaware corporation; Ronald Gorga; "Chip" Miller; Dan Watson; Scott Heitmann; Dykema Gossett PLLC., Law Firm; Craig L. John; Andrew J. Lusk; Katherine M. White; et al, Defendants.**

**No. CIV.00–72022.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 9, 2003.

James Elsman, Birmingham, MI, for plaintiffs.

Katherine White, Dykema, Gossett, PLLC, Detroit, MI, for defendants.

### MEMORANDUM OPINION AND ORDER

TAYLOR, District Judge.

#### I.

This motion for sanctions arises out of pleadings which Plaintiff James Elsman ("Elsman"), an attorney, submitted during litigation concerning loans the Standard Federal Defendants ("the Bank") provided him. Elsman appeared in this Court claiming that the Bank had violated several of his constitutional rights when the Bank executed on a judgment which it had secured in the state courts against him. This Court granted Defendants' motion to dismiss and or for summary judgment of Plaintiffs' statutory and constitutional claims and assessed sanctions against Elsman pursuant to Rule 11 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 11. Upon the Sixth Circuit's remand of this Court's order granting sanctions, the Defendants filed a renewed motion for sanctions against Elsman. On November 18, 2002, the Court heard oral arguments on Defendants' renewed motion. For the reasons explained below, the Defendants' motion is GRANTED.

#### II.

Although Janice Elman, James Elsman's wife, is a named Plaintiff, the pertinent facts of this case solely relate to Mr. Elsman ("Elsman"). Elsman, a licensed attorney, has represented himself throughout the entire course of this litigation. Because Defendants' renewed motion relates to Elsman's various written submissions, a discussion of the procedural posture of this case is appropriate.

#### A. State Court Proceedings

The Bank defendant had made several loans to Elsman which were secured by a mortgage interest in his real property located in Birmingham, MI. When Elsman failed to timely repay the loans, the Bank secured a judgment of possession of that property in Oakland County Circuit Court against Plaintiffs. Elsman unsuccessfully appealed the judgment in the Michigan courts. *See Standard Fed. Bank v. Elsman*, 461 Mich. 898, 607 N.W.2d 726 (2000)

(Table): *Standard Fed. Bank v. Elsman,* 461 Mich. 898, 603 N.W.2d 644 (1999) (Table).

After exhausting the appeals process in the state courts, Elsman did not appeal to the U.S. Supreme Court, but rather filed a complaint in this Court on May 2, 2002, alleging that Defendants had violated his due process right to sell the Birmingham real property to a party offering more than the Bank's contracted buyer. Elsman also filed a notice of *lis pendens* on the Birmingham property with the Oakland County Register of Deeds. On May 3, 2002, Elsman appeared before the state trial court arguing that the filing of this federal suit had stayed the writ of restitution scheduled to be issued that day. The state court denied the motion and issued the writ of restitution. On May 3, 2000, Elsman also appeared in the federal district court seeking a temporary restraining order ("TRO") against the Bank, which request was denied.

In addition, the Bank foreclosed on another piece of real property owned by Elsman. The Bank had secured a separate judgment in Oakland County Circuit Court against him because the proceeds from this foreclosure sale were insufficient to cover Elsman's debt. Elsman failed to satisfy this judgment as well, at which time the Bank obtained an execution against his personal property. Consequently, the Bank seized Mr. Elsman's automobile, a van, as well as some personal property within the van. Elsman alleges that the executing officer, accompanied by two Birmingham police officers (who are not defendants here), made an unconstitutional and forced entry into his locked office building to take possession of the personal property.

### B. Federal District Court Proceedings

Plaintiffs' federal complaint requesting class action certification and injunctive relief, contained allegations that Defendants violated various federal statutes and constitutional provisions when they arrived at Mr. Elsman's business office to execute the judgment of possession against him. Elsman contended that the persons executing the van seizure violated his constitutional rights to due process and equal protection, as well as his rights under the Takings Clause. Elsman also asserted several statutory claims including: § 1983 claims for violation of unspecified Michigan and United States constitutional provisions, 42 U.S.C.A. § 1983; violations of the Truth in Lending Act ("TILA"), 15 U.S.C.A. § 1640, et seq., the Consumer Credit Protection Act, 15 U.S.C.A. § 1681, the Fair Debt Collection Act, 15 U.S.C.A. § 1962, and RICO, 18 U.S.C.A. § 1961; and, "lender liability" for breach of fiduciary duty, fraud, and violation of good faith and fair dealing.

On August 18, 2000, Defendants forwarded their original proposed motion for sanctions to Plaintiffs by mail. When Plaintiffs did not dismiss their complaint within the 21 days required by Rule 11, Fed.R.Civ.P. 11(c)(1)(a),[1] Defendants subsequently filed a motion to dismiss and/or for summary judgment. This Court granted Defendants' dispositive motion relying on the *Rooker/Feldman* doctrine, *District of Columbia Court of Appeals v. Feldman,*

---

**1.** Fed.R.Civ.P. 11(c)(1)(a) in relevant part reads:

(c) **Sanctions.**

(1)(A) By Motion. A motion for sanctions ... shall be served ... but shall not be filed with or presented to the court unless, within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allegation, or denial is not properly withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), which holds that a federal district court lacks subject matter jurisdiction to review final determinations made by a state's highest court. The Court also held that *res judicata* barred the remainder of Elsman's claims, which previously had been presented to and ruled upon by the state courts.

The Court heard and granted Defendants' initial motion for Rule 11 sanctions, awarding Defendants costs and attorney fees but leaving the amount of the sanctions award undetermined until supported under oath. Upon receiving Defendants' affidavit detailing the fees incurred at both the district and appellate levels, this Court entered its order assessing $16,690.56 in fees against Elsman, and instructing Elsman to remove the notice of *lis pendens* on the Birmingham property. The amount assessed against Elsman as a sanction reflected the expenses Defendants' incurred in defense of this action in the district court only.

C. Sixth Circuit Proceedings

Elsman appealed the grant of Defendants' motion to dismiss and or for summary judgment, and the sanctions award to the federal court of appeals. The Sixth Circuit affirmed this Court's order granting Defendants' motion to dismiss and/or for summary judgment, holding that the *Rooker/Feldman* doctrine barred review of the Michigan Supreme Court's decision in any tribunal other than the United States Supreme Court. *See Elsman v. Standard Federal Bank*, 46 Fed. Appx. 792, 798 (6th Cir.2002). The federal appeals court stated that although an exception to the *Rooker/Feldman* doctrine exists when a plaintiff makes a claim facially attacking the constitutionality of a statute, this case did not fit that exception. *Id.* Elsman's statutory claims were also rejected because Defen-

dants are not state actors. *Id.* at 798. While the appeals court disagreed that *res judicata* barred Elsman's personal property claims, the court nevertheless affirmed the district court's order on the grounds that Elsman clearly failed to allege more than "bare legal conclusions" which are insufficient to survive a Rule 12(b)(6) motion to dismiss and that "the complaint did not adequately plead any actionable claim." *Id.* at 799–800 quoting *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir.1999).

The Sixth Circuit reversed the monetary sanctions award, however, and remanded to this Court with instructions to: 1) identify the basis for the Rule 11 sanctions; and 2) conduct an inquiry into the reasonableness of the amount awarded, 46 Fed. Appx. at 801–02. This memorandum constitutes the Court's findings of fact and law on Defendants' renewed motion for Rule 11 sanctions.

III.

Defendants contend that sanctions should be awarded against Elsman because he did not thoroughly research the law. If Elsman had done so, Defendants posit that he would have known: 1) that the Defendants are not state actors, thus any constitutional claims against them must fail; 2) that res judicata barred the complaint; and, 3) that the district court lacked subject matter jurisdiction according to the *Rooker/Feldman* doctrine or any good faith argument for extension thereof.

In response, Elsman argues that a 111–paragraph complaint, by definition, requires reasonable and careful investigation. Elsman also asserts that he made a good faith argument for an exception to the *Rooker/Feldman* doctrine, or, alternatively, that the doctrine should not apply, when he cited another district court's ruling in *Puertas v. Mich. Dep't of Correc-*

*tions, et al.* 88 F.Supp.2d 775, 779 (E.D.Mich.2000), in his complaint. Elsman further argues that the focus of his complaint was not on *Rooker/Feldman* doctrine issues, but rather on the Bank's harassment and the allegedly unlawful entry into his business office to execute on a vehicle located outside the office.

## A. Sanctionable Conduct

■ By signing a complaint, or any other written motion or pleading, an attorney certifies that the claims made therein are warranted by existing law or are nonfrivolous arguments to extend, modify, or reverse existing law. *See* Fed.R.Civ.P. 11(b)[2]; *Tropf v. Fid. Nat'l Title Ins. Co.,* 289 F.3d 929, 939(6th Cir.2002). The purpose of Rule 11 is to deter baseless filings. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Knestrick v. IBM,* 945 F.Supp. 1080, 1082 (E.D.Mich.1996)(noting that Rule 11 sanctions are appropriate when a pleading is frivolous, being both baseless and made without a reasonable or competent inquiry).

■ It is true that federal courts have jurisdiction to review alleged denials of a federal constitutional right by state courts. *Puertas, supra,* 88 F.Supp.2d at 779. A reasonable investigation of the law, however, would have revealed that *Puertas* only refers to a deprivation of federal constitutional rights by courts, not by private individuals in an alleged capacity as state actors. *Id.* Elsman does not complain that, or explain *how,* the Michigan courts deprived him of any federal constitutional rights. His failure to plead any facts supporting his claim that *Puertas* offers an exception to the well-settled *Rooker/Feldman* doctrine further weakens Elsman's representations that he intended to make a nonfrivolous argument for the extension or modification of existing law in his complaint. Thus, Elsman's complaint warrants sanctions as it clearly was filed without competent inquiry. *Knestrick, supra,* 945 F.Supp. at 1082.

■ Defendants also assert that Elsman filed his federal complaint for the improper purposes of avoiding a judgment against him and to punish the Dykema defendants for vigorously representing the Bank. Elsman contends that the federal complaint was filed because there were legal issues questioning the acts of Michigan courts and that the Dykema defendants were named because they directed bailiffs to act illegally. The test for imposing sanctions is whether the individual's conduct was reasonable under the circumstances. *Union Planters Bank v. L & J Dev. Co.,* 115 F.3d 378 (6th Cir.1997). Whether sanctions should be granted is not to be determined in hindsight, but rather by examining counsel's conduct and reasonable beliefs when the offensive pleading was filed. *Mann v. G & G Mfr., Inc.,* 900 F.2d 953, 958 (6th Cir.1990). Good faith is insufficient to establish reasonableness. *Id.*

Counsel's subjective belief in the propriety of the pleading is irrelevant in determining whether Rule 11 has been violated since that assessment must be made using

---

**2.** Fed.R.Civ.P. 11(b) reads in relevant part:

(b) **Representations to the Court.** By presenting the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .

an objective test of reasonableness under the circumstances. *Knestrick, supra,* 945 F.Supp. at 1082. The relevant question ... is whether a competent attorney ..., after appropriate investigation, would have reasonably believed that the claim was well grounded in fact and law. *Id.*

■ Elsman did not allege that Defendants' actions as private citizens could be attributed to the state. The complaint lacks any factual or legal support that Elsman's claims involved state actors, a necessary element for his constitutional and § 1983 claims. Elsman's argument on remand that the bailiffs present at execution of the judgment served as state actors likewise is unsupported by existing law. The "mere acquiescence by police to stand by in case of trouble does not constitute state action in a repossession situation." *Haverstick Enter. v. Financial Fed. Credit, Inc.,* 803 F.Supp. 1251, 1256 (E.D.Mich. 1992). Elsman did not name the bailiffs as defendants in this case, thereby vitiating his claims that the bailiffs' conduct provided the basis of the lawsuit brought before this Court. Elsman interposes this argument for the first time on remand in a plain attempt to avoid the imposition of sanctions. Moreover, even if Elsman possessed a good faith belief that the bailiffs were state actors, his good faith is not sufficient to establish that his beliefs were reasonable at the time the complaint was filed. A competent attorney's careful investigation would have revealed that none of the Defendants are state actors and, therefore, that there were no plausible legal grounds on which to file a complaint asserting constitutional claims against them.

■ Additionally, conclusory allegations unsupported by facts or law warrant sanctions. *Haverstick, supra,* 803 F.Supp. at 1259–61 (admonishing plaintiffs and their counsel to research their claims more carefully to avoid monetary sanctions); *Pierzy-*

*nowski v. Detroit Police Dep't,* 947 F.Supp. 1147, 1151 (E.D.Mich.1996). Elsman's complaint is sanctionable because it contains summary assertions without including or explaining citations to any legal authority that support his contentions. For example, Elsman does not effectively refute Defendants' assertions that he filed the complaint for improper purposes except to say that the Bank harassed him. *See* Pl.'s Answer, ¶ 10(B), p. 3. Elsman's conduct, therefore, objectively "falls short of the obligations owed by a member of the bar to the court." *Pierzynowski, supra,* 947 F.Supp. at 1151. That conduct resulted in considerable expense for Defendants to contest his claims. *Id.* (awarding attorney fees pursuant to 28 U.S.C. § 1927 against an attorney who did not present any evidence to support his client's claims that an arresting officer violated his civil rights due to poor training).

By filing his complaint in federal court, Elsman simply sought to re-litigate issues already conclusively decided by the Michigan courts, including the Michigan Supreme Court. Therefore, Elsman is subject to sanctions because his conduct was unreasonable under the circumstances. The complaint he submitted does not reflect careful, reasonable investigation of the facts and law, nor does it constitute a nonfrivolous argument to extend, modify, or reverse existing law. Elsman is also subject to sanctions because none of the Defendants are state actors and therefore, he has not effectively contradicted Defendants' claims that Elsman filed his complaint for the improper purposes of punishing the Dykema defendants for vigorously representing their clients and avoiding the judgments the Bank defendants secured against him. *See Alcan Aluminum v. Lyntel,* 656 F.Supp. 1138, 1140 (N.D.Ill.1987)(noting that a complaint presented to avoid collection of a judgment is filed for an improper purpose).

## B. Sanction Award

Defendants contend that an award of Defendants' costs and attorney fees in defending this action and in bringing this motion is necessary to deter repetition of Elsman's conduct. Defendants also request that this Court enter an order prohibiting the Plaintiffs from filing any further actions against the instant Defendants relative to the Real Property and Personal Property actions.

At oral argument, Elsman proposed three (3) alternatives to awarding the relief Defendants' request. Initially Elsman argued that no sanctions should be awarded at all because the case has concluded, Plaintiffs have paid all judgments due and owing, and because Plaintiffs will not make any further filings related to this case. The second proposed alternative was to award only one-third, or approximately $5,000 of Defendants' requested relief because the complaint's sole defect was the *Rooker/Feldman* claims which only constitute 20% of the 11 counts. The third, and final, alternative Elsman proposed was that any sanction award should not exceed $15,000 because that amount is what Defendants previously requested on the record in the first hearing for sanctions.

■■■■ A claim for a party's total costs requires an investigation into the reasonableness of those costs. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414 (6th Cir.1992). Before awarding a party's total costs and fees as sanctions, the district court should consider the offending party's ability to pay, want of diligence, and the amount necessary and effective to bring about deterrence. *Id.* Compensable fees under Rule 11 should be limited to those incurred as a result of the offensive pleading. *See Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 989 F.2d 213, 217 (6th Cir.1993). Further, when granting Rule 11 attorney fees on remand, the district court must review such costs with exacting scrutiny; a blanket award of all fees incurred during litigation is not authorized under Rule 11. *Id.*

■■■ When questioned about the reasonableness of the attorney fees and expenses incurred, Defendants' counsel, commented that although her expertise was not stated in Defendants' Affidavit supporting September 2002 Rule 11 sanctions, she has been practicing since 1996. Defendants' counsel further expressed that the $135 per hour rate charged for attorney fees is less than the actual rate of $150 per hour for an associate of like experience. The $225 per hour rate charged by other attorneys working on the case reflect their experience as very senior partners. When the Court inquired as to why Defendants' attorney billing statements made some references to the state court proceedings, Defendants' counsel stated that the fees submitted were incurred only in this federal district court case, and that discussion of the state court proceedings was necessary as the state court cases formed the basis of Plaintiffs' claims.

The Court finds that an award of the total fees Defendants' incurred is necessary due to Mr. Elsman's want of diligence in researching and supporting the allegations set forth in his complaint and to effectively deter similar conduct in the future. The Defendants' Affidavit thoroughly documents the attorneys who worked on the matter, their respective billing rates, and their final fees and costs devoted to defending Elsman's complaint. The Court also finds that the fees submitted are reasonable based on those attorneys' experience. Given Mr. Elsman's comments at oral argument that no further filings are forthcoming in this case, the Court declines to enter an order preventing Plaintiffs from filing any further actions against these Defendants related to Plaintiffs' real or personal property at this time.

**IV.**

IT IS ORDERED that Plaintiffs are liable for sanctions in the form of attorney fees and costs totaling $16,690.56.

IT IS SO ORDERED.